UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NANCY B. MERCADO,**<br><br>    Plaintiff,<br><br>v.<br><br>**BANK OF AMERICA, N.A. FKA BAC HOME LOANS SERVICING, LP FKA COUNTRYWIDE HOME LOANS SERVICING LP,** *et al.***,**<br><br>    Defendants. | Civ. No. 2:12-01123 (WJM)<br><br>**OPINION** |

**WILLIAM J. MARTINI, U.S.D.J.:**

    This is a mortgage fraud case. Nancy Mercado alleges that her mortgage broker, Defendant Joseph Salerno, falsified documents and left her with a mortgage she could not, and ultimately did not afford. In a ten count Amended Complaint alleging, *inter alia*, fraud and disclosure violations under the Home Ownership and Equity Protection Act, Mercado seeks money damages and rescission from Salerno and Defendant Bank of America, N.A. ("Bank of America"), the assignee of her mortgage.[1] This opinion considers Bank of America's motion to dismiss all claims pursuant to Federal Rule of Procedure 12(b)(6). There was no oral argument. Fed. R. Civ. P. 78(b). Bank of America's motion to dismiss is **GRANTED** in part and **DENIED** in part.

**I.    BACKGROUND**

    Nancy Mercado is a cleaner who makes roughly $25,000.00 per year. Am. Compl. ¶ 22, ECF No. 3. In 1999, Mercado took out a $241,000 home mortgage.

---

[1] Only Bank of America has entered an appearance on the docket. It is unclear whether the other defendants were served with the Complaint.

1

*Id.* ¶ 14.  Her monthly payment was $1,634.00.  *Id.* ¶ 15.  In 2008, Mercado met Joseph Salerno, a mortgage loan officer with Hanover Funding.  *Id.* ¶ 16.  Salerno offered to help negotiate a "cash out refinance" that would allow Mercado to pay off her student debt and lower her monthly mortgage payments to $1,200.00.  *Id.* ¶ 17.  The refinance came with $30,000 in cash.  *Id.* ¶ 19.   Mercado accepted.

All did not go as planned.  Salerno forged Mercado's W-2 to reflect an annual salary of more than $80,000.00—triple Mercado's actual salary.  *Id.* ¶ 22.  (The Amended Complaint uses the figure "$80,0000.00," which the Court interprets as eighty-thousand dollars.)  Based partly on this forged document, Mercado qualified for the mortgage.  She subsequently defaulted, *id.* ¶ 30, and her mortgage was assigned to Bank of America, *id.* ¶ 28(a).

At some point on or around January 4, 2011, a friend of Mercado's placed a telephone call to Bank of America's Fraud Unit.  *Id.* ¶ 31.  The friend explained that Mercado never gave Salerno the W-2 that was used in connection with Mercado's loan application.  *Id.*  Hoping to undo her refinancing, Mercado sent Bank of America a "Truth In Lending Act Rescission Notice" and a document she describes as a "Qualified Written Request."  *Id.* ¶¶ 32-33.  Bank of America refused to rescind the mortgage.  *Id.* ¶ 35.  Nine months later, this litigation was born.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted.  The moving party bears the burden of showing that no claim has been stated.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).  In deciding a motion to dismiss under Rule 12(b)(6), a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Warth v. Seldin*, 422 U.S. 490, 501 (1975).

A complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face."  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008).  Claims have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).  While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility."  *Id*.

### III.  DISCUSSION

Mercado's Amended Complaint has ten counts.  The first six counts sound in state law: fraud (Count I); breach of contract/warranty (Count II); violation of the New Jersey Consumer Fraud Act ("NJCFA") (Count III); negligence (Count IV); breach of the implied covenant of good faith and fair dealing (Count V); and breach of fiduciary duty (Count VI).  The next two counts sound in federal law: violation of the Home Ownership and Equity Protection Act ("HOEPA"), and violation of the Real Estate Settlement Procedures Act ("RESPA").  A final Count, Count XII, alleges conspiracy and aiding and abetting with respect to the claims brought in Counts I-VIII.  There are no Counts IX, X, or XI.

After Bank of America moved to dismiss all ten counts, Mercado submitted an opposition brief addressing only Counts VII and VIII.  Citing to an unpublished decision from the United States Court of Appeals for the Third Circuit, *Hollister v. U.S. Postal Serv.*, Bank of America argues that all counts except for Counts VII and VIII "should be deemed abandoned and dismissed."  Def.'s Reply 3, ECF No. 12 (citing *Hollister v. U.S. Postal Serv.*, 142 F. App'x 576, 577 (3d. Cir. 1992)).  *Hollister* is unpublished, and therefore it is not binding.  Moreover, it does not hold that when a plaintiff responds to some arguments for dismissal but not others, it abandons the counts it does not address in its opposition brief.  Absent contrary binding authority, the Court believes the appropriate course of action in this case is to grant dismissals only where Mercado has not "state[d] a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

#### A.  State Law Claims

#### 1.  Common Law Fraud and NJCFA (Counts I and III)

Mercado's common law fraud and NJCFA claims do not survive the motion to dismiss for two reasons.  First, the Amended Complaint flouts Federal Rule of Civil Procedure 9(b)'s command to plead fraud with particularity.  Second, the Amended Complaint omits elements of both causes of action.

Under New Jersey common law, a plaintiff states a claim for fraud when she demonstrates: "(1) a material misrepresentation of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting damages."  *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 610 (1997).  A Plaintiff states a claim under the NJCPA when she establishes "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal

relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543, 557 (2009); *see also* N.J.S.A. 56:8-19.

Mercado alleges that Bank of America committed common law fraud when it "misrepresented and/or omitted" various material facts, namely: "(a) that the loan was beneficial to Plaintiff, when it was not; (b) that the loan contained characteristics which it did not; (c) that Plaintiff would lower her loan payment, when the refinance actually made her payment higher." Am. Compl. ¶ 38. It is difficult, to say the least, to see how Bank of America could have defrauded Mercado. The Bank arrived on the scene in 2009, roughly one year after Mercado's mortgage closed. Because of this, it is no surprise that the Amended Complaint fails to specify when Bank of America committed its allegedly fraudulent acts. Such imprecision is fatal under Rule 9(b). *See Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007) (Rule 9(b) requires plaintiff to "plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation."). Were the Court to overlook Rule 9(b), and were the Court also to construe the Amended Complaint to plead material misrepresentations or omissions by Bank of America at the 2008 closing, Mercado would still fall several elements short of a fraud claim. Specifically, she does not allege knowledge, intent, reliance, or damages resulting from her reliance. *See Gennari*, 148 N.J. at 610.

Mercado also alleges that Bank of America violated the NJCFA through unnamed "deceptive commercial practices." Am. Compl. ¶ 46. Even if the Court knew what those practices were, Mercado still fails to allege a causal link between Bank of America's conduct and an ascertainable loss. *See Bosland*, 197 N.J. at 557. Accordingly, Mercado has not stated a claim under the NJCFA.

Finally, if the Court were to assume that Salerno and Hanover Funding committed fraud at the mortgage closing in 2008, Mercado still offers no reason why their conduct should be imputed to Bank of America. It is highly unlikely, but perhaps conceivable that Mercado could plead facts that would state a claim against Bank of America for common law fraud or violation of the NJCPA. Accordingly, the Court will **DISMISS** these claims **WITHOUT PREJUDICE**.

### 2. Breach of Contract and Breach of the Implied Covenant of Good Faith and Fair Dealing (Counts II and V)

The claims for breach of contract and breach of the implied covenant of good faith and fair dealing both fail because Mercado does not provide "fair notice [of] . . . the grounds upon which [the claims] rest[]." *Twombly*, 550 U.S at 555 (internal quotations omitted).

To state a claim for breach of contract, a plaintiff "has the burden to show that the parties entered into a valid contract, that the defendant failed to perform his obligations under the contract and that the plaintiff sustained damages as a result." *Murphy v. Implicito*, 2005 WL 2447776, at *4 (App. Div. Sept. 22, 2005). To state a claim for breach of the implied covenant of good faith and fair dealing, a plaintiff "must provide evidence sufficient to support a conclusion that the party alleged to have acted in bad faith has engaged in some conduct that denied the benefit of the bargain originally intended by the parties." *Brunswick Hills Racquet Club, Inc. v. Route 18 Shopping Ctr. Assocs.*, 182 N.J. 210, 225 (2005) (internal citation and quotation omitted).

Because Mercado does not identify which contractual duty Bank of America supposedly breached, she has failed to provide the notice required by Rule 8(a). *See Twombly*, 550 U.S at 555 (internal quotations omitted). Accordingly, the Court will **DISMISS** the claim for breach of contract. Also, Mercado fails to allege bad faith on the part of Bank of America. *See Brunswick Hills*, 182 N.J. at 225. Accordingly, the Court will **DISMISS** the claim for breach of the implied covenant of good faith and fair dealing. Since it is possible that Mercado could state a claim here, the dismissals operate **WITHOUT PREJUDICE**.

### 3. Negligence and Breach of Fiduciary Duty (Counts IV and VI)

Mercado does not allege that Bank of America owed her a duty. This omission dooms Counts IV and VI.

The elements of negligence are: "(1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach." *Endre v. Arnold*, 300 N.J. Super. 136, 142 (App. Div. 1997). Obviously, the existence of a fiduciary duty is an element of a claim for breach of fiduciary duty. *McKelvey v. Pierce*, 173 N.J. 26, 57 (2002) ("A fiduciary relationship arises between two persons when one person is under a duty to act for or give advice for the benefit of another on matters within the scope of their relationship.") (internal citation and quotation omitted).

Mercado's negligence and fiduciary duty claims rest entirely on conclusory allegations that the Court must disregard for purposes of the motion to dismiss. *Iqbal*, 556 U.S. at 663. Mercado states that "Defendants breached its fiduciary duties to Plaintiff" and that "Defendants acted negligently, carelessly, and/or recklessly for the reasons aforesaid (incorporated by reference)." Am. Compl. ¶¶ 48, 52. Neither charge provides "fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citation and quotation omitted). Ultimately, Bank of America is correct: "Plaintiff makes absolutely no attempt . . . to allege that [Bank of America] owed any duty to Plaintiff, that [Bank

5

of America] breached that unidentified duty, or that Plaintiff was damaged by any such breach." Def.'s Br. 21, ECF No. 6-2. Accordingly, the Court will **DISMISS** the claims for negligence and breach of fiduciary duty. As "[t]he virtually unanimous rule is that creditor-debtor relationships rarely give rise to a fiduciary duty," *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 552 (App. Div. 1997), amendment would be futile. Therefore, the dismissal operates **WITH PREJUDICE**. *See Burtch v. Millberg Factors, Inc.*, 662 F.3d 212, 231 (3d Cir. 2011) (amendment not permitted if it would be futile).

### B. Federal Claims

#### 1. HOEPA (Count VII)

The Truth in Lending Act ("TILA") seeks to "guard against the danger of unscrupulous lenders taking advantage of consumers through fraudulent or otherwise confusing practices." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 502 (3d Cir. 1998). In 1994, Congress amended TILA with HOEPA, which adopts additional disclosure requirements for certain high rate mortgages. *See Bibbs v. Security Atlantic Mortgage Co.*, No. 10-346, 2010 WL 3505176, at *5 (E.D. Pa. Sept. 1, 2010). Mercado seeks money damages and rescission under both TILA and HOEPA. Since Bank of America does not dispute that Mercado's mortgage is governed by HOEPA, the Court will focus on HOEPA. Bank of America argues that the HOEPA claim for money damages is time-barred. The Court agrees. Bank of America also argues that because Mercado fails to plead an ability to repay her mortgage, the HOEPA claim for rescission is subject to dismissal. The Court disagrees.

##### a. Money Damages

Mercado's HOEPA claim for money damages is untimely. Money damages claims under HOEPA (and TILA) are subject to a one-year statute of limitations. 15 U.S.C. § 1640(e); *see also In re Community Bank of Northern Virginia*, 622 F.3d 275, 303 (3d Cir. 2010). The limitations period runs from the mortgage closing. *Bartholomew v. Northamptom Nat'l Bank*, 584 F.2d 1288, 1296 (3d Cir. 1978). This litigation began in 2012, more than one year after the closing. Therefore, Mercado's HOEPA claim for money damages is **DISMISSED WITH PREJUDICE**. The Court notes that while the one-year statute of limitations is subject to equitable tolling, *Ramadan*, 156 F.3d at 502, Mercado does not argue that her claim should be equitably tolled. Even if she did make the argument, it

6

would not succeed. *See Cetel v. Kirwan Fin. Gp., Inc.*, 460 F.3d 494, 509 (3d Cir. 2006) (describing standard for equitable tolling).

### b.   Rescission

The Court will **DENY** Bank of America's motion to dismiss the HOEPA rescission claim. Bank of America is an assignee of Mercado's mortgage. Unlike TILA, *see* 15 U.S.C. § 1641(a), HOEPA provides that assignees are "subject to all claims and defenses with respect to [a] mortgage that the consumer could assert against the creditor of the mortgage." 15 U.S.C § 1641(d). If, as Mercado claims, she was never provided with notice of her right to rescind, her original creditor violated 12 C.F.R. § 226.23(b). This violation is a ground for rescission. *See* 12 C.F.R. 226.23(a)(3); *see also Smith v. Fidelity Consumer Discount Co.*, 898 F.2d 896, 904 (3d Cir. 1990) (decision to grant rescission based on failure to provide notice of right to rescind was "not unsound"). Since Bank of America is subject to all claims Mercado could assert against her original creditor, and since Mercado could seek rescission from her original creditor, Mercado can seek rescission from Bank of America. Accordingly, the Court will **DENY** the motion to dismiss Mercado's HOEPA rescission claim.

### c.   Ability to Repay

Bank of America argues that the HOEPA rescission claim should be dismissed because Mercado has not pled an ability to repay her mortgage. The Court disagrees.

"Rescission essentially restores the status quo ante; the creditor terminates its security interest and returns any monies paid by the debtor in exchange for the latter's return of all disbursed funds or property interests." *US Bank Nat. Ass'n v. Guillaume*, 209 N.J. 449, 481 (2012) (quoting *McKenna v. First Horizon Home Loan Corp.*, 475 F.3d 418, 421 (1st Cir. 2007)); *see also Palmer v. Ameribanq Mortgage Group, LLC*, No. 5-2023, 2010 WL 3933273, at *21 (E.D. Pa. Oct. 6, 2010) (TILA is "not meant to provide borrowers with a free house or other financial windfall.").

The question for this Court is not whether Mercado has to repay her loan if she prevails on her rescission claim. The question is whether she has to plead an ability to repay in order to survive a motion to dismiss. The answer is no. It is undisputed that "neither [HOEPA] nor its regulations require the borrower to make a showing of ability to repay." *Scivoletti v. JP Morgan Chase Bank, N.A.*, No. 10-1778, 2010 WL 2652527, at *5 (D.N.J. June 25, 2010); *but cf. Garsh v. Wells Fargo Bank, N.A.*, No. 11-21543, 2012 WL 1207220, at *6 (Bankr. D.N.J. Apr. 9,

2012) (dismissing TILA rescission claim where it was clear that Plaintiffs could not repay their loan). Because HOEPA does not require a showing of an ability to repay at the pleading stage, and because the Third Circuit's describes TILA, which incorporates HOEPA, as "a remedial statute [that is to] be construed liberally in favor of the consumer," *Ramadan*, 156 F.3d at 502, the Court will not require Mercado to plead an ability to repay in order to proceed on her rescission claim. If necessary, the Court is willing to consider at a later date whether to exercise its equitable authority under 12 C.F.R. § 226.23(d)(4) to condition rescission on a showing of Mercado's ability to repay, either in a lump sum or in a series of installments. *Cf. Coleman v. Crossroads Lending Group, Inc.*, No. 9-221, 2010 WL 4676984, at *7 (D. Minn. Nov. 9, 2010) (collecting cases where courts have granted rescission and allowed repayment through installments).

### d.  Remaining Issues

Mercado's remaining attempts at stating a claim under HOEPA fail. Mercado alleges that Bank of America "fail[ed] to make necessary disclosures" and that it "fail[ed] to provide other required disclosures for a high rate mortgage as defined under HOEPA." Am. Compl. ¶ 54-57. These allegations fail to alert Bank of America to the specific claims Mercado is making. *See Twombly*, 550 U.S. at 555 (Rule 8(a) requires "fair notice" of plaintiff's claims). Similarly, Mercado's claim that "[p]laintiff did not receive copies of any documents prior to or after executing the note and mortgage," Am. Compl. ¶ 36, fails to provide the notice required by Rule 8(a). Finally, Mercado claims that "[d]efendants wrongfully extended credit to Plaintiff without regard for her ability to repay in violation of 15 U.S.C. § 1639(h)." *Id.* ¶ 56. That allegation is not just conclusory, but it also fails to address the statutory text, which explicitly refers to a "pattern or practice" of providing credit without regard for an ability to repay. Mercado is free to correct these deficiencies in a Second Amended Complaint.

### 2. RESPA (Count VIII)

Mercado's RESPA claim fares no better than her state law claims. She alleges that Defendants' RESPA violations "include[e] but [are] not limited to [a] failure to properly respond to Plaintiff's 'Qualified Written Request.'" Am. Compl. ¶ 59. The Court will not address the RESPA claims that Mercado gestures at but does not identify. *See Twombly*, 550 U.S. at 555 (Rule 8(a) requires "fair notice" of plaintiff's claims). The Court will address—and dismiss—the RESPA claim Mercado does identify, namely the claim relating to Mercado's "qualified written request."

8

RESPA was enacted, in part, to ensure "more effective advance disclosure to home buyers and sellers of settlement costs." 12 U.S.C. § 2601(b)(1). It provides that borrowers may inquire about federally related mortgages by making a "qualified written request." 12 U.S.C. § 2605(e)(1)(A). The term "qualified written request" is defined in 12 U.S.C. § 2605(e)(1)(B): it is a request that, *inter alia*, (a) describes why a borrower believes her "account is in error," or (b) "provides sufficient detail to the servicer regarding other information sought by the borrower." Were Mercado to prevail on her RESPA claim, she would be entitled to her "actual damages" from the RESPA violation. 12 U.S.C. § 2605(f)(1).

Mercado's RESPA claim fails because it is conclusory: there is no indication that Mercado's communication with Bank of America constituted a qualified written request under 12 U.S.C. § 2605(e)(1)(A). Moreover, Mercado does not allege actual damages stemming from a RESPA violation. Since it is conceivable that she could remedy these pleading defects, the Court will **DISMISS** the RESPA claim **WITHOUT PREJUDICE**.

### C. Conspiracy and Aiding and Abetting Liability (Count XII)

Mercado's conspiracy and aiding and abetting claims do not survive the motion to dismiss. Conspiracy requires "a real agreement or confederation with common design." *Morganroth & Morganroth v. Norris, McLaughlin & Marcus P.C.*, 331 F.3d 406, 414 (3d Cir. 2003) (applying New Jersey law). Aiding and abetting liability requires concerted action or substantial assistance or encouragement for another's activities. Restatement (Second) of Torts § 876; *cf. Tarr v. Ciasulli*, 181 N.J. 70, 83-84 (2004) (aiding and abetting liability under the New Jersey Law Against Discrimination governed by Section 876 of the Restatement (Second) of Torts). Mercado has not alleged agreement, confederation, concerted action, or substantial assistance or encouragement on the part of Bank of America. Accordingly, her claims for conspiracy and aiding and abetting liability are **DISMISSED WITHOUT PREJUDICE**.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is **GRANTED** in part, and **DENIED** in part. The motion to dismiss is granted with respect to Counts I, II, III, IV, V, VI, VII (money damages only), VIII and XII. Counts IV, VI, and the money damages claims under Count VII are **DISMISSED WITH PREJUDICE**. Counts I, II, III, V, VIII, XII are **DISMISSED WITHOUT PREJUDICE**. The motion to dismiss is **DENIED** with respect to the HOEPA rescission claim under Count VII. The Court will grant Mercado 30 days leave to

file a Second Amended Complaint consistent with this opinion.  An appropriate order follows.

                                        /s/ William J. Martini  
                            **WILLIAM J. MARTINI, U.S.D.J.**

**Date: November 15, 2012**